IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00043-WYD-NYW

DISH NETWORK, LLC,

    Plaintiff,

v.

PLATINUM SATELITTE, INC.,

    Defendant.

---

**ORDER PERMITTING SERVICE OF PROCESS ON DEFENDANT PLATINUM SATELLITE, INC. BY DELIVERY TO THE CALIFORNIA SECRETARY OF STATE**

---

Magistrate Judge Nina Y. Wang

    This matter comes before the court on Plaintiff DISH Network L.L.C.'s ("Plaintiff" or "DISH") Motion for Order Permitting Service Of Process On Defendant Platinum Satellite, Inc. By Delivery to the California Secretary of State (the "Motion"), filed February 15, 2018. [#14]. The undersigned considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated February 5, 2018 [#10], and the memorandum dated February 20, 2018 [#15]. For the reasons stated herein, the Motion is GRANTED.

## BACKGROUND

    DISH, a Colorado limited liability company, initiated this action by filing its Application to Confirm Arbitration Award on January 6, 2018. [#1]. According to DISH, Defendant Platinum Satellite, Inc. ("Defendant" or "Platinum Satellite") entered into a Retailer Agreement with DISH "to become authorized on a non-exclusive basis, to market, promote, and solicit orders" for DISH's television programming and satellite equipment. [*Id.* at ¶ 7]. DISH continues that it ultimately initiated arbitration proceedings against Defendant for its numerous

violations of the Retailer Agreement, namely a garnishment of "no less than $156,778.50 from DISH" that Defendant was not entitled to. [*Id.* at ¶ 9]. About December 22, 2016, the Arbitrator entered an Order in favor of DISH and against Platinum Satellite, an Order Plaintiff now seeks to confirm in this court. [*Id.* at ¶ 11].

The undersigned originally set a Status Conference in this matter for February 14, 2018, which was later reset to March 14, 2018, following DISH's representation to the court that its efforts to serve process upon Defendant had been unsuccessful. *See* [#11; #13]. DISH continued to have difficulty effectuating service on Defendant, and filed the instant Motion on February 15, 2018. [#14]. DISH requests an Order from this court permitting it to serve process on Platinum Satellite by delivering a copy of the Summons and Application to Confirmation Arbitration Award and supporting exhibits on the California Secretary of State pursuant to section 1702 of the California Corporation Code. [*Id.*].

## LEGAL STANDARD

Rule 4(h)(1)(A) of the Federal Rules of Civil Procedure allows service of process on corporations in ways permitted under Rule 4(e), including such methods approved by state law "where the district court is located or where service is made[.]" Fed R. Civ. P. 4(e)(1), (h)(1)(A). Relevant here, the California Rules of Civil Procedure "allow[] for five basic methods of service." *Gambord v. Westside Gas, Inc.*, No. 17-CV-00262-BLF, 2017 WL 2774408, at *2 (N.D. Cal. June 26, 2017) (citing Cal. Civ. Proc. Code §§ 415.10–415.50). Further, California law provides that service may be made on a corporation by hand-delivering process on the California Secretary of State pursuant to a court order. *Id.*

California Corporation Code section 1702(a) provides:

If an agent for the purpose of service of process has resigned and has not been replaced or if the agent designated cannot with reasonable diligence be found at

the address designated for personally delivering the process, or if no agent has been designated, and it is shown by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence upon the designated agent by hand in the manner provided in Section 415.10, subdivision (a) of Section 415.20 or subdivision (a) of Section 415.30 of the Code of Civil Procedure or upon the corporation in the manner provided in subdivision (a), (b) or (c) of Section 416.10 or subdivision (a) of Section 416.20 of the Code of Civil Procedure, the court may make an order that the service be made upon the corporation by delivering by hand to the Secretary of State, or to any person employed in the Secretary of State's office in the capacity of assistant or deputy, one copy of the process for each defendant to be served, together with a copy of the order authorizing such service. Service in this manner is deemed complete on the 10th day after delivery of the process to the Secretary of State.

Cal. Corp. Code § 1702(a). "California Corporations Code § 1702(a) requires an affidavit stating that the corporation cannot be served with reasonable diligence." *Pac. Bell Tel. Co. v. 88 Connection Corp.*, No. 15-CV-04554-LB, 2016 WL 946132, at *3 (N.D. Cal. Mar. 14, 2016). Service is deemed completed on the 10th day after delivery of process to California Secretary of State. Cal. Corp. Code § 1702(a).

## ANALYSIS

DISH asserts that Platinum Satellite is a California corporation with its principal place of business in Alhambra, California. [#1 at ¶ 2]. DISH further asserts that Platinum Satellite is a registered California corporation, that its status is "FTB Suspended",[1] and that its registered agent for service of process is Juan Partida located at 4012 Rowland Avenue, El Monte, California 91731. [#14 at 3–4; #14-1].

On January 8, 2018, the Clerk of the Court issued a Summons in this action. *See* [#4]. DISH avers that not soon after it mailed the Summons, Application to Confirm Arbitration Award, supporting exhibits, declarations, and instructions from the court to the Los Angeles

---

[1] "A suspended corporation may be sued, and service of process upon a suspended corporation is effected in the same manner as service upon a corporation that is not suspended." *Grell v. Laci Le Beau Corp.*, 73 Cal. App. 4th 1300, 1306, 87 Cal. Rptr. 2d 358, 362–63 (1999) (citing Cal. Civ. Proc. Code. §§ 416.10, 416.20).

3

County Sheriff's Department to effectuate service on Mr. Partida. [#14 at 1–2]. Pursuant to the "Affidavit of Service" prepared by Deputy Richard S. Reinaga—an authorized agent of the Los Angeles County Sheriff's Department—service of process could not be effected on Platinum Satellite or its registered agent Mr. Partida. *See* [#14 at 2; #14-2]. The Affidavit of Service indicates that Deputy Reinaga attempted to serve Defendant or Mr. Partida twice at 4012 Rowland Avenue, El Monte, California 91731, and three (3) times at an alternative address 1903 W. Valley Blvd., Alhambra, California 91803. *See* [#14-2]. All five (5) attempts were unsuccessful. [*Id.*]. Plaintiff asserts that further attempts to locate a valid address to effect service of process have been unavailing. [#14 at 4].

Based on the foregoing, this court concludes that Platinum Satellite cannot be served process with reasonable diligence as required under California Corporation Code section 1702(a). Thus, DISH is permitted to serve Platinum Satellite by hand-delivering the Summons, Application to Confirm Arbitration Award and supporting documents, and a copy of this Order to the California Secretary of State. Service will be deemed completed on the 10th day after delivery of process. Cal. Corp. Code § 1702(a).

## CONCLUSION

Therefore, **IT IS ORDERED** that:

(1) Plaintiff DISH Network L.L.C.'s Motion for Order Permitting Service Of Process On Defendant Platinum Satellite, Inc. By Delivery to the California Secretary Of State [#14] is **GRANTED**;

(2) DISH is permitted to serve Defendant Platinum Satellite, Inc. by hand-delivering copies of the Summons, Application to Confirm Arbitration Award and supporting documents,

and this Order to the California Secretary of State pursuant to California Corporation Code § 1702(a); and

(3) Service will be deemed completed on the 10th day after delivery of process on the California Secretary of State.

DATED: February 22, 2018

BY THE COURT:

s/ Nina Y. Wang
Nina Y. Wang
United States Magistrate Judge